**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SYNERGEIA HEALTH, INC. individually and derivatively as the sole member of SANKAV PHARMACEUTICALS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANJEEV K. GUPTA and TUSHAR GUPTA,<br><br>Defendants. | Civil Action No.<br><br>26-2315 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Synergeia Health, Inc.'s application for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). (ECF 23). *Pro se* defendants Sanjeev K. Gupta and Tushar Gupta oppose this application. (ECF 32). The Honorable Susan D. Wigenton, U.S.D.J. referred the fee application to the undersigned for a Report and Recommendation. This application is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, it is respectfully recommended that plaintiff's application be **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND

The factual allegations in the complaint and the procedural history of this action were recited in detail in the Court's April 10, 2026 Report and Recommendation and are hereby incorporated by reference. *Synergeia Health, Inc. v. Gupta*, 26-cv-2315 (LDW), 2026 WL 1169769, at *1-2 (D.N.J. Apr. 10, 2026). Relevant to the instant application, defendants removed this action to federal court on March 5, 2026 in what appeared to be an effort to avoid or delay the

potential imposition of sanctions by the state court at a show cause hearing scheduled for March 13, 2026. *Id.* at *2. The Court found no basis for the exercise of subject matter jurisdiction over this action and recommended that the case be remanded to the Superior Court of New Jersey, Morris County. *Id.* at *3-4. The Court further found that defendants lacked an objectively reasonable basis for seeking removal of the action and recommended that plaintiff be awarded attorneys' fees and costs incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447(c). *Id.* at *5. Shortly after the Court issued its Report and Recommendation, defendants purported to withdraw the Notice of Removal in an effort "to stop any further proceedings in this Court in front of the Honorable Susan D. Wigenton, U.S.D.J." (ECF 17). Instead, by Order dated April 29, 2026, Judge Wigenton adopted this Court's Report and Recommendation, remanded the case to state court, and granted plaintiff's application for fees and costs in an amount to be determined. *Synergeia Health, Inc. v. Gupta*, 26-cv-2315 (SDW), 2026 WL 1168112, at *1 (D.N.J. Apr. 29, 2026).

Accordingly, on May 11, 2026, plaintiff submitted the Certification of Patrick Papalia, Esq. in support of its application for attorneys' fees and costs. (ECF 23). Mr. Papalia certified under penalty of perjury that three attorneys from the law firm of Archer & Greiner, P.C. worked on this matter from March 5, 2026, the date of removal, through May 11, 2026. For the time period of March 5, 2026 through April 30, 2026, those attorneys billed 68 hours in connection with the preparation and oral argument of an expedited motion to remand. (Papalia Cert. ¶ 13). Patrick Papalia, who is a shareholder of the firm with over 30 years of commercial litigation experience, billed a total of 9.1 hours at a discounted hourly rate of $500. (*Id.* ¶¶ 6-7, 12). Christian A. Stueben, who is a partner at the firm with 15 years of experience, billed a total of 32.5 hours at an hourly rate of $490. (*Id.* ¶¶ 8-9, 12). Christopher W. Upperman, who is an associate of the law

firm with approximately 4 years of experience, billed a total of 26.4 hours at a discounted hourly rate of $300. (*Id.* ¶¶ 10-12).

Plaintiff additionally requests reimbursement for attorneys' fees incurred in connection with preparation of this fee application. Specifically, Mr. Papalia certifies that for the time period of May 7, 2026 through May 11, 2026, Mr. Upperman spent 6.2 hours preparing the Certification in support of this application for fees and costs, reviewing invoices to identify applicable fees, and reviewing case law to identify cases where similar fee awards were granted. (*Id.* ¶ 14). Mr. Stueben spent 1.3 hours reviewing and revising the Certification and accompanying proposed order. (*Id.*). In total, plaintiff requests that the Court award $30,873 in attorneys' fees for legal work performed in connection with defendants' improper removal of the case to federal court.

Finally, plaintiff seeks reimbursement for $1,134.60 in costs incurred in connection with the remand proceedings, comprising $81.60 for Federal Express and Lawyers Service delivery of documents to the Court and $1,053 for a transcript of state court proceedings on February 17, 2026. (*Id.* ¶ 12).

On May 22, 2026, counsel for the Gupta defendants moved for leave to withdraw, (ECF 25), which was granted by Order dated June 4, 2026. (ECF 29). On June 15, 2026, defendants, now appearing *pro se*, submitted their opposition to plaintiff's application for fees and costs. (ECF 32). Defendants argue that the application for fees and costs should be denied in its entirety because plaintiff's counsel did not provide copies of actual invoices or receipts, a copy of the retainer agreement, or proof that plaintiff has paid its counsel. Alternatively, defendants argue that (1) the fee award should be reduced to account for duplicative time entries and clerical work, (2) counsel is not entitled to fees on fees, and (3) counsel should not recover the cost of a state court transcript.

## II. DISCUSSION

An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In calculating an award of attorneys' fees pursuant to § 1447(c), the Court applies "the lodestar method, multiplying a reasonable hourly billing rate for the lawyers' services by the reasonable number of hours expended on the litigation." *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 387 (3d Cir. 2019). The party seeking fees bears the burden of establishing the reasonableness of its fee request. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). With respect to the billing rate claimed, "a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). With respect to hours worked, the Court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

### A. Attorneys' Fees

#### 1. Hourly Billing Rates

Defendants make no objection to Mr. Papalia's billing rate of $500 per hour, Mr. Stueben's billing rate of $490 per hour, or Mr. Upperman's billing rate of $300 per hour. These rates are consistent with billing rates in northern New Jersey for attorneys of comparable experience in

commercial litigation and the Court finds them to be reasonable.[1] *See, e.g.*, *HSBC Bank USA, Nat'l Ass'n as Tr. for Wells Fargo Asset Sec. Corp., Mortg. Passthrough Certificates, Series 2007-11 v. Shim*, 23-cv-1245 (CCC), 2024 WL 3200940, at *4 (D.N.J. June 26, 2024) (awarding attorneys' fees pursuant to 28 U.S.C. § 1447(c) at billing rates of $729 (partner), $415 (counsel), and $310 (associate) per hour).

**2. Hours Worked**

Defendants do, however, raise a number of challenges with respect to plaintiff's counsel's bills. First, the Court rejects defendants' argument that the application for fees and costs should be denied in its entirety because counsel did not submit actual invoices, bills, receipts, or a retainer agreement. Local Civil Rule 54.2(a) provides that a motion for attorneys' fees and reimbursement of expenses shall be supported by

> affidavits or other documents complying with 28 U.S.C. § 1746 setting forth the following:
> (1) the nature of the services rendered, the amount of the estate or fund in court, if any, the responsibility assumed, the results obtained, any particular novelty or difficulty about the matter, and other factors pertinent to the evaluation of the services rendered;
> (2) a record of the dates of services rendered;
> (3) a description of the services rendered on each of such dates by each person of that firm including the identity of the person rendering the service and a brief description of that person's professional experience;
> (4) the time spent in the rendering of each of such services; and
> (5) the normal billing rate for each of said persons for the type of work performed.
> . . .
> Reimbursement for actual, not estimated, expenses may be granted if properly itemized.

[1] Some courts in this District refer to the Community Legal Services of Philadelphia Attorney Fees schedule when considering the reasonableness of billing rates in New Jersey. *See Attorney Fees*, Community Legal Services of Philadelphia, https://clsphila.org/about-community-legal-services/attorney-fees/. Effective January 19, 2023, the range of hourly rates for attorneys with more than 25 years of experience was $735–$850, the range for attorneys with 11–15 years of experience was $420–$525, and the range for attorneys with 2–5 years of experience was $265–$315. Plaintiff's counsel's requested hourly rates for work performed in 2026 fall comfortably within those ranges, bolstering the Court's finding of reasonableness.

Plaintiff's counsel fully complied with this requirement by submitting the Certification of Patrick Papalia, which was certified under penalty of perjury pursuant to 28 U.S.C. § 1746 and incorporates counsel's contemporaneous time records, including the identity of each billing attorney, the dates work was performed, the amount of time billed, the hourly billing rate, and a detailed description of the tasks completed. The Papalia Certification also includes an itemized list of the delivery costs and transcript fee for which counsel seeks reimbursement. *See Gloucester County Imp. Auth. v. Gallenthin Realty Dev., Inc.*, 07-cv-5328 (JBS), 2011 WL 3328474, at *2 (D.N.J. Aug. 1, 2011) (awarding attorney's fees and costs associated with improper removal based on attorney affidavit and noting that affidavit need only provide "sufficient detail for the Court to assess the overall reasonableness of the fees in light of the legal work reasonably required by the circumstances").

Defendants also suggest that plaintiff's counsel should not recover any attorneys' fees because there is "no proof that any portion of these amounts has actually been paid." Under § 1447(c), plaintiff may recover attorneys' fees "incurred" as a result of the removal. Nothing in the statute requires proof of payment. Indeed, Courts have awarded attorneys' fees under § 1447(c) even where an attorney "did not technically bill anyone for their services" because the attorney represented the client on contingency or was a salaried government employee. *King v. Alpha Sigma Tau Nat'l Found., Inc.*, 4:20-cv-00778, 2020 WL 7041767, at *1 (M.D. Pa. Dec. 1, 2020). The Court finds no defects in the instant application that would bar recovery of attorneys' fees or costs.

Second, defendants argue that time billed for telephone calls with the courts is not compensable due to the availability of electronic court filing systems. There are a total of four

billing entries totaling 42 minutes of time relating to telephone calls either to or from Judge Wigenton, Judge DeMarzo, or the undersigned's Chambers:

| Date | Description | Timekeeper | Time | Rate | Fees |
|---|---|---|---|---|---|
| 03/06/2026 | Call to Judge Susan Wigenton's Chambers – OSC and remand application | PP | 0.2 | $500 | $100.00 |
| 03/12/2026 | Call from Judge DeMarzo Clerk, receipt and review of court notices and draft emails – hearing dates and remand | PP | 0.2 | $500 | $100.00 |
| 03/31/2026 | Call to Judge Leda Wettre – Remand hearing. | PP | 0.1 | $500 | $50.00 |
| 04/29/2026 | Telephone conference with Judge Wigenton's law clerk seeking status update on decision on pending R&R due to impending state court hearing | CAS | 0.2 | $490 | $98.00 |
| **TOTAL** | | | 0.7 | | $348.00 |

Attorneys frequently call or receive calls from Chambers to discuss logistics or request information that may not be apparent from the docket, and the Court finds such time to be compensable. The Court further finds the minimal amount of time billed to such activities to be reasonable, including the time Mr. Papalia spent answering the March 12, 2026 telephone call from the Chambers of Judge DeMarzo, whose scheduled March 13, 2026 show cause hearing had to be adjourned due to defendants' improper removal of the case from state court. Defendants' objections to this category of time entries are overruled.

Third, defendants contend that "receipt and review of court notice" entries, internal team calls, and emails with the client are clerical tasks that should not be billed at attorney rates. Clerical tasks include "faxing, emailing, filing, scanning, assembling, and conforming." *McKenna v. City of Philadelphia*, 582 F.3d 447, 457 (3d Cir. 2009). The time entries defendants challenge, on the other hand, reflect non-delegable tasks necessarily performed by attorneys, such as attorney-client communications, internal attorney communications, and review of communications from the

Court. Review of these time entries confirms that they are related to the removal proceedings and therefore are compensable. There is no contention that the time devoted to such communications was unreasonable. Therefore, defendants' objections to this category of time entries are overruled.

Fourth, defendants object to the amount of time counsel spent preparing the reply brief in further support of plaintiff's remand motion as duplicative and excessive. According to the Papalia Certification, plaintiff's attorneys collectively billed 37.2 hours between March 23, 2026 and March 27, 2026 for researching, drafting, and revising a 15-page reply brief and supporting certification, as follows:

| Date | Description | Timekeeper | Time | Rate | Fees |
|---|---|---|---|---|---|
| 03/23/2026 | Analyze and review defendants' opposition to motion to remand, including exhibits, formulating arguments to advance in reply brief | CWU | 2.00 | $300 | $600.00 |
| 03/23/2026 | Draft attorney certification in further support of motion to remand and draft portion of reply brief | CWU | 1.5 | $300 | $450.00 |
| 03/23/2026 | Draft remainder of reply brief with contemporaneous review of case law and statutory law and defendants' opposition papers | CWU | 3.0 | $300 | $900.00 |
| 03/23/2026 | Receipt and review of emails and draft emails – Reply, transcript and remand motion. | PP | 0.2 | $500 | $100.00 |
| 03/23/2026 | Review and analysis of opposition to remand motion filed by the Guptas. | CAS | 1.3 | $490 | $637.00 |
| 03/23/2026 | Reviewed email from Chandra presenting analysis on Guptas' opposition to remand motion | CAS | 0.2 | $490 | $98.00 |
| 03/25/2026 | Review and analysis of filed moving Motion to Remand papers for purposes of revising draft reply papers. | CAS | 1.0 | $490 | $490.00 |
| 03/25/2026 | Made extensive revisions/rewrite of reply brief and reply certification of P. Papalia; sent to C. Upperman with instructions to | CAS | 6.1 | $490 | $2,989.00 |

| | | | | | |
|---|---|---|---|---|---|
| | conduct legal research and other areas to revise reply papers so they can be put in final form. | | | | |
| 03/26/2026 | Analyze issues regarding requests for attorney's fees, analyzing case law and statutory law to assess whether client waived right to attorney's fees by failing to include same in notice of motion and proposed order, and analyzing alternate procedure for seeking fees if client cannot argue for fees in reply brief | CWU | 2.3 | $300 | $690.00 |
| 03/26/2026 | Analyze issues regarding estoppel, analyzing case law and statutory law to assess whether Defendants are precluded from re-asserting arguments rejected in the state court | CWU | 2.0 | $300 | $600.00 |
| 03/26/2026 | Draft revisions to reply brief, inserting new argument section regarding estoppel of Defendants' arguments regarding contract execution and transfer of data, new section addressing defendants' argument that client's party certification is procedurally defective, and adding reference to request for attorney's fees | CWU | 1.8 | $300 | $540.00 |
| 03/26/2026 | Revise attorney certification in reply to defendants' opposition to motion to remand and compile exhibits to attach to certification | CWU | 0.3 | $300 | $90.00 |
| 03/26/2026 | Review and analysis of transcript of 2/17 hearing for purposes of incorporating into reply papers. | CAS | 1.0 | $490 | $490.00 |
| 03/26/2026 | Made additional extensive revisions to reply papers to incorporate statement of facts, and detailed quotes from various orders and newly received transcript; revised P. Papalia Reply Certification. | CAS | 5.8 | $490 | $2,842.00 |
| 03/27/2026 | Analyze case law in support of argument that court can award | CWU | 1.5 | $300 | $450.00 |

| | | | | | |
|---|---|---|---|---|---|
| | attorney's fees on motion to remand | | | | |
| 03/27/2026 | Draft section of reply brief arguing that court should award attorney's fees | CWU | 1.5 | $300 | $450.00 |
| 03/27/2026 | Revise brief to update exhibit references, and cut down on argument section to comply with page limit rule | CWU | 0.9 | $300 | $270.00 |
| 03/27/2026 | Revise attorney certification in support of reply to update exhibit references with specific references to page and line numbers | CWU | 0.3 | $300 | $90.00 |
| 03/27/2026 | Sent draft reply papers to clients; reviewed feedback from Chandra on draft papers. | CAS | 0.3 | $490 | $147.00 |
| 03/27/2026 | Review and revise remand reply papers and draft emails and e-messages to Synergeia Team. | PP | 0.3 | $500 | $150.00 |
| 03/27/2026 | Review of draft attorneys' fees/sanctions cases argument sent by C. Upperman; made more extensive revisions to reply brief and P. Papalia certification; finalized reply papers and sent to client, addressing points raised in Chandra's email; arranged for filing of reply papers and forwarded filed reply papers to client for records; emailed P. Papalia and C. Upperman re: sending in courtesy copy of reply papers to Judge. | CAS | 4.1 | $490 | $2,009.00 |
| | | CWU TOTAL | 17.1 | $300 | $5,130.00 |
| | | CAS TOTAL | 19.8 | $490 | $9,702.00 |
| | | PP TOTAL | 0.5 | $500 | $250.00 |
| | | **TOTAL** | **37.4** | | **$15,082.00** |

The Court agrees with defendants that these time records reflect an almost complete duplication of effort between Mr. Upperman and Mr. Stueben (billing at a higher partner rate), and, as a result, work performed on one reply brief accounts for approximately 50% of the entire

fee application. The Court is not persuaded that a 15-page reply brief was such a heavy undertaking or so legally complex as to justify 37.4 attorney hours or a $15,000 bill. *Cf. HSBC*, 2024 WL 3200940, at *5 (awarding $11,774.60 in attorneys' fees under § 1447(c) for combined total of 37.2 hours for all work performed by three attorneys briefing motion to remand). Accordingly, the Court will reduce the compensable time Mr. Stueben and Mr. Upperman respectively spent on the reply brief by 50% to account for the duplication of effort. Mr. Stueben will be compensated for 9.9 hours for work related to the reply brief, Mr. Upperman will be compensated for 8.6 hours, and Mr. Papalia will be compensated for 0.5 hours, for a total of 19 hours of attorney time.

Finally, defendants argue that counsel should not be compensated for the preparation of this application for fees and costs – *i.e.*, fees on fees. Courts routinely include time spent on fee applications in fee awards to prevailing parties, including applications for fees incurred due to improper removal pursuant to 28 U.S.C. § 1447(c). *See, e.g.*, *Memory Care US REIT, LLC v. PMC Inv., LP*, 23-cv-357-CFC, 2024 WL 3518620, at *3 (D. Del. July 24, 2024); *League of Women Voters of Pennsylvania v. Pennsylvania*, 17-cv-5137, 2018 WL 1787211, at *7 (E.D. Pa. Apr. 13, 2018), *aff'd in part sub nom. League of Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378 (3d Cir. 2019). As such, defendants' objections to counsel's recovery of fees on fees are overruled. The Court has reviewed the Papalia Certification and finds 7.5 hours of attorney time spent preparing the fee petition to be reasonable and warranted by plaintiff's success on the merits of the remand motion.

Accordingly, the Court finds that plaintiff's counsel should be awarded reasonable attorneys' fees of $23,491, calculated as follows:

| **Attorney** | **Time** | **Rate** | **Fees** |
|---|---|---|---|
| Patrick Papalia | 9.1 hours | $500 | $4,550.00 |

| | | | |
|---|---|---|---|
| Christian A. Stueben | 23.9 hours | $490 | $11,711.00 |
| Christopher W. Upperman | 24.1 hours | $300 | $7,230.00 |
| **TOTAL** | **57.1 hours** | | **$23,491.00** |

### B. Costs

Plaintiff requests reimbursement for the following delivery and transcript costs:

| | | |
|---|---|---|
| 03/06/2026 | Federal Express – PP to Honorable Susan D. Wigenton (US District Court of New Jersey) | $49.30 |
| 03/23/2026 | Court Reporter Service – Transcript for Court Proceedings Before Judge J.M. DeMarzo 2.17.26 | $1,053.00 |
| 04/01/2026 | Delivery Service, Lawyers Service – PP to Newark | $16.15 |
| 04/01/2026 | Delivery Service, Lawyers Service – PP to Newark | $16.15 |
| **TOTAL** | | **$1,134.60** |

Defendants object to plaintiff's request for reimbursement of the $1,053 fee to obtain the transcript of a February 17, 2026 injunction hearing in state court, arguing that it cannot be considered a cost incurred as a result of the removal of the case to federal court. The Court disagrees. Plaintiff required the transcript to inform this Court about the proceedings in state court and to demonstrate inconsistent positions taken by defendants prior to and after removal, in support of the remand motion. The Court finds all of the requested expenses to be reasonable and directly related to defendants' improper removal of this action from state court.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's application for attorneys' fees and costs be **GRANTED IN PART and DENIED IN PART** and counsel be awarded a total of $24,625.60. The parties are advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to file and serve specific written objections to the Honorable Susan D. Wigenton, U.S.D.J. The

Clerk of Court is directed to serve copies of this Report and Recommendation on *pro se* defendants Sanjeev Gupta and Tushar Gupta by U.S Mail.

Dated: October 13, 2026

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge